### SCHULTZE v. HUTTLINGER.

(Supreme Court, Appellate Division, First Department. June 9, 1911.)

**1. DISCOVERY (§ 89*)—RELEVANCY.**

Defendant in an action on a foreign judgment recovered on drafts should not be granted an order for their inspection, as they cannot be relevant evidence on the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 115; Dec. Dig. § 89.*]

**2. DISCOVERY (§ 92*)—SHOWING AS TO POSSESSION.**

Defendant should not be granted an order for inspection of papers, without a showing of their being, or of reason why they should be presumed to be, in plaintiff's possession or control.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 118; Dec. Dig. § 92.*]

Appeal from Special Term, New York County.

Action by Walter Schultze against Oscar Huttlinger. From an order granting defendant's motion for a discovery and inspection, plaintiff appeals. Reversed, and motion denied.

See, also, 136 App. Div. 942, 121 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Antonio Knauth, for appellant.
Paul C. Schnitzler, for respondent.

SCOTT, J. Appeal from an order granting defendant an inspection of certain drafts.

[1] The action is brought upon a foreign judgment alleged to have been recovered against the firm of Huttlinger & Vivie, of which defendant was formerly a partner. It is not apparent how an inspection of the drafts can be of advantage to defendant. It is true that the judgment sued upon was based upon certain drafts, but in such an action as this the drafts themselves will not be material. If the judgment is a valid adjudication against the firm, the defendant will

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not be permitted to retry, in this action, the causes of action upon which the judgment was recovered. On the other hand, if the judgment is not a valid adjudication, the plaintiff, under his pleading, cannot shift his ground and attempt to recover on the drafts. So in neither event can the drafts become relevant evidence on the trial.

[2] Furthermore, it is not shown that the drafts are in plaintiff's possession or under his control, nor is any reason shown why they should be presumed to be. The defendant's theory is that a third person, not a party to the action, paid them to the bank. If so, it would seem to be probable that they are in the possession of that third person.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.